UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICKEAL BURGESS,

                Petitioner,

    - against -                            **MEMORANDUM AND ORDER**

BRUCE YELICH, Superintendent,          09-CV-5514 (RRM)
Bare Hill Correctional Facility,

                Respondent.
-------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

On December 11, 2009, petitioner Mickeal Burgess, proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet. (Doc. No. 1).) For the reasons set forth below, the petition is denied in its entirety.

## BACKGROUND

### I.    Prior Convictions

On January 11, 1988, petitioner was convicted in Kings County of attempted robbery in the first degree, which is a violent felony under New York law. *See* N.Y. Penal L. § 70.02(1)(b). On June 21, 1990, petitioner pled guilty to attempted robbery in the second degree – also a violent felony under New York law.[1] *See* Decision and Order, *People v. Burgess*, SCI #6906/90 (N.Y. Sup. Ct., Kings Cnty. Jan. 5, 2007) (Guzman J.); N.Y. Penal L. § 70.02(1)(c). At his July 12, 1990 sentencing before the Honorable Luigi R. Marano, petitioner admitted to his 1988 conviction, which the court described as a "violent felony." (Pet'r's Reply Aff. (Doc. No. 14) Ex. 3, Tr. at 2–3, July 12, 1990.) The court mistakenly referred to petitioner as a "prior

---

[1] Under New York law, a person is guilty of second-degree robbery when he "forcibly steals property and . . . [i]n the course of the commission of the crime or of immediate flight therefrom, he . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm." N.Y. Penal L. § 160.0.

1

predicate felon" (rather than a prior *violen*t predicate felon) and sentenced him, "as a predicate," to three to six years imprisonment. (*Id.*) *See* Decision & Order, *Burgess*, SCI No. 6906/1990 (N.Y. Sup. Ct., Kings Cnty. Jan. 5, 2007). Petitioner did not challenge this adjudication at sentencing.

## II. The Instant Conviction

On September 7, 2001, petitioner allegedly entered a McDonald's restaurant; pointed a bag containing a bottle at Maritza Dreckett, who was working behind the counter; and demanded money. A Kings County grand jury indicted petitioner for several offenses, including robbery in the first and second degrees.

### A. Plea Allocution

On June 27, 2002, petitioner appeared in Kings County for a conference before the Honorable Carolyn Demarest. The court stated that the case was trial-ready. Petitioner's counsel stated that he had tried to explain to petitioner, "excruciatingly," that because of plea bargain and sentencing limitations, as well as petitioner's "prior past, twelve to life is pretty much the best that I can do without the DA radically dismissing counts." (Tr. at 2–3, June 27, 2002.) Petitioner requested an opportunity to address the court and stated:

> I, at this point in time, in my life, right, I made a lot of mistakes. Now, this crime right here, what I allegedly supposed to have a gun, is rob someone, which I haven't did, I begged – I beg the mercy of the Court and the DA. Since I got home in '95, I had do nothing but work, got my CTL license – TLC. I got a drug addiction, but I ain't robbed nobody. I took care of my son. I did everything to stay out of here. That's all I did. Now, for doing the – I have disrespect[ed] a lady. But robbery, I haven't robbed her at McDonald's. Early in the morning, It's tapes all in there, it was about 20 people in there. How would I look like, going in there, working for Metropolitan Lumber last two years? Why would I rob a lady like that? I'm not that stupid.

(*Id*. at 4–5.) The conference progressed, and the court and the parties discussed various pre-trial matters. Eventually, petitioner's counsel informed the court that petitioner wished to withdraw his not-guilty plea and enter a guilty plea to attempted robbery in the second degree. (*Id*. at 15.)

The court discussed repeatedly and at length with petitioner and his counsel that if petitioner pled guilty to a third violent felony, the court would adjudicate him a mandatory persistent felon pursuant to N.Y. Penal L. § 70.08 and impose a mandatory sentence of twelve years to life imprisonment. (*Id*. at 3–4, 15–22, 27.) Petitioner admitted that he was previously convicted of two prior violent felonies, and that the District Attorney's Office had, pursuant to New York law, provided him with a statement to that effect. (*Id.* at 21–22.) Petitioner stated that he (1) was satisfied with counsel's advice; (2) was pleading guilty of his own free will and because he was guilty; and (3) waived his right to appeal as long as he received the promised sentence of twelve years to life. (*Id.* at 18–20.)

In his allocution, petitioner admitted that he attempted to take property from McDonald's employees; that he was apprehended with $50, some of which belonged to McDonald's; and that in the course of obtaining this money from McDonald's, petitioner showed Ms. Dreckett a bag containing a beer bottle, which she interpreted to be a threatening weapon. (*Id*. at 23–24.) The prosecutor then requested that the court ask petitioner "[w]hat he threatened to do with [Ms. Drecket] . . . [v]erbally." (*Id*. at 25.) Petitioner's counsel responded that petitioner "threatened to shoot the complainant when he approached the register and demanded money," but

> I'm pretty sure defendant was incredibly intoxicated, both with alcohol and drugs. So, any memory that he's trying to give to the Court, and their accuracy, on the part of my perception, at times is the difference as to what happened as has to do with his incredible inebriation. And I think [the prosecutor] has sort of made it very clear as to [petitioner's] incredible state of – lack of state of mind at the time. I know it's not a defense, but as part of the allocution, I think it's hard for defendant to speak clearly on the events as perceived by Miss Dreckett, which is

3

the standard here, as opposed to what may have been thought by or offered by him.

(*Id*. at 25–26.) The court responded that petitioner's acknowledgment "that he had this beer bottle in a bag and apparently handled it in a way that would suggest a threat, may be sufficient in terms of the elements of the crime . . . . Is this the truth, Mr. Burgess?" (*Id*. at 26.) Petitioner responded, "Yes, ma'am." (*Id*.) Petitioner provided no evidence or sworn testimony that he was intoxicated during the incident. The court found that petitioner had been fully apprised of his rights, received advice from a number of attorneys, and made an intelligent and voluntary plea. (*Id*. at 26–27.)

**B. Sentencing**

On July 9, 2002, petitioner appeared for sentencing before Justice Demarest. The prosecutor stated that he had received, on July 8, 2002, a motion from petitioner to set aside the verdict based upon a defective indictment and an alleged violation of N.Y. Crim. P. L. § 190.50, which governs grand jury proceedings. (Tr. at 2, July 9, 2002.) Specifically, the prosecutor reported, petitioner argued that he had been denied his right to testify before the grand jury and that the indictment charged him with a robbery that occurred on September 9, 2001, instead of on September 7, 2001. (*Id.* at 3.) The court stated that it had received no such motions, and in any event, a motion to set aside the verdict pursuant to N.Y. Crim. P. L. § 330.30 was inappropriate. (*Id*. at 3–4.)

Further, the court noted that petitioner admitted his guilt during his plea allocation and his presentence interview with the probation department, and that petitioner made no motion to vacate the plea. (*Id*. at 4–6.) Petitioner objected:

> Excuse me, your Honor. When he made a statement saying that I said I would go and kill somebody, I have not, not in my life have I told anyone I was going to harm them or kill them. I have not told anyone to give me money. Now, that day,

>I have disrespect[ed] this woman. But where I have came in and said, "Give me this money" intentionally, I have not did it.

(*Id*. at 7–8.) Referring to the plea transcript, the court stated that it would proceed to sentencing because petitioner's plea had nothing to do with killing, petitioner was apprehended in the midst of the crime, and petitioner had acknowledged his guilt before the court and the probation department. (*Id.* at 7.) The court sentenced petitioner to the promised sentence of twelve years to life imprisonment. (*Id.*)

### C. Appeal

In March of 2005, petitioner appealed his judgment of conviction to the New York Appellate Division, Second Department, arguing that the lower court had failed, at the plea allocution and at sentencing, to resolve his assertion of innocence and to explain a potential defense stemming from his intoxication at the time of the incident. On September 6, 2005, the Second Department affirmed the judgment, finding that (1) petitioner's challenge was unpreserved for appellate review because he failed to move to withdraw his plea or vacate the judgment of conviction on this ground and (2) petitioner's challenge did not qualify for an exception to the preservation rule because his admissions were "sufficient to establish a factual basis for his plea of guilty . . . and did not suggest that he was intoxicated to such a degree as to negate intent." *People v. Burgess*, 800 N.Y.S.2d 516, 516 (N.Y. App. Div. 2005). On October 31, 2005, the New York Court of Appeals denied leave to appeal. 480 N.E.2d 140 (N.Y. 2005).

### D. Post-Conviction Motions and Petitions

On December 13, 2005, petitioner moved, pursuant to N.Y. Crim. P. L §§ 440.10 and 440.20(1), to vacate the 2002 sentence or judgment, arguing that (1) the court, the prosecutor, and his counsel failed to inform him that his 1990 conviction could be used as a predicate violent felony; (2) the indictment was defective because it was based on false grand jury testimony;

(3) various attorneys were ineffective for various reasons; (4) counsel failed to advise him of a possible intoxication defense; and (5) his 1990 sentence was illegal because the court should have imposed a mandatory sentence of three to six years yet imposed an impermissibly lenient sentence of one to three years – and therefore, it was illegal for the court to adjudicate him a persistent violent felony offender in 2002.

On July 12, 2006, the court denied the motion, finding that (1) unquestionable documentary evidence rebutted petitioner's claim that he was not properly advised that his 1990 conviction could be used as a predicate violent felony; (2) petitioner's allegations concerning the grand jury were not reviewable under N.Y. Crim. P. L. § 440, and in any event, failed on the merits, as petitioner presented no evidence that any inconsistent testimony before the grand jury resulted from anything other than a mere misunderstanding; (3) all of petitioner's claims of ineffective assistance of counsel were procedurally barred and failed on the merits; (4) all claims regarding an intoxication defense were barred by the Second Department's adjudication on the merits and, in any event, meritless because petitioner "fail[ed] to submit a scintilla of evidence" concerning his purported intoxication; and (5) contrary to petitioner's assertion, his 1990 conviction resulted in a sentence of three to six years, and even if that sentence were too lenient (which it was not), the 2002 adjudication that he was a persistent violent felon rested on his prior convictions for violent felonies, and not on the sentences he served for those convictions. Memorandum Decision, *People v. Burgess*, Indictment No. 7313/01 (N.Y. Sup. Ct., Kings Cnty. July 12, 2006) (Demarest, J.). On December 29, 2006, the Second Department denied leave to appeal. Decision & Order, *People v. Burgess*, No. 2006–07595 (N.Y. App. Div. Dec. 29, 2006).

On May 23, 2006, while his motion to vacate the 2002 sentence or judgment was pending, petitioner moved to vacate his 1990 sentence, repeating his argument that because his

6

1990 sentence was too low, the court had erred in adjudicating him a persistent violent felon in 2002. On January 5, 2007, the court denied the motion, finding that (1) the court erred in 1990 by referring to petitioner as merely a second felony offender because he was, in fact, a second violent felony offender; but (2) the court did not err in 1990 by sentencing petitioner to three to six years, as that sentence was statutorily authorized for either a predicate felony offender or a predicate violent felony offender, and therefore, petitioner was not entitled to resentencing for the 1990 conviction; (3) in any event, in 2002, the court corrected its 1990 error by adjudicating petitioner a persistent violent felon. Decision & Order, *People v. Burgess*, SCI No. 6906/1990 (N.Y. Sup. Ct., Kings Cnty. Jan. 5, 2007). The record is unclear as to whether petitioner sought leave to appeal this order.

On October 16, 2007, the Second Department denied petitioner's application for a writ of error *coram nobis*, finding that petitioner failed to establish that he received ineffective assistance from appellate counsel. *People v. Burgess*, 642 N.Y.S.2d 916 (N.Y. App. Div. 2007). On February 25, 2008, the Court of Appeals denied leave to appeal. *People v. Burgess*, 883 N.E.2d 1259 (N.Y. 2008).

On May 13, 2008, petitioner filed another motion to set aside his 2002 sentence on the grounds that the court had improperly adjudicated him a persistent violent felon. On December 9, 2008, the court denied the motion, finding that the motion was procedurally barred and meritless. Decision & Order, *People v. Burgess*, Indictment Nos. 7313/2001, 6906/1990 (N.Y. Sup. Ct., Kings Cnty. Dec. 9, 2008) (Demarest, J.). On August 20, 2009, the Second Department denied petitioner reargument and leave to appeal. Decision & Order, *People v. Burgess*, No. 2009-00890 (N.Y. App. Div. Aug. 20, 2009).

7

On September 9, 2009, petitioner filed a petition in New York Supreme Court, County of Franklin, which that court construed as an *ex parte* habeas petition or an order to show cause in a habeas proceeding, again arguing that his sentence was illegal because he was not a persistent violent felony offender. The court denied the petition, finding that the claim was procedurally barred and, in any event, meritless because an order setting aside a sentence "does not affect the validity or status of the underlying conviction." Decision & Judgment, *Burgess v. Demarest*, No. 2009–1281 (N.Y. Sup. Ct., Franklin Cnty. Oct. 8, 2009).

On December 11, 2009, petitioner filed the instant petition. On May 14, 2010, this Court (1) granted petitioner's request to stay the petition so that he could "renew" his previous motion to set aside the 1990 sentence and (2) administratively closed the instant case pending a motion to restore it to the Court's calendar. On May 24, 2012, the New York Supreme Court, Kings County, denied petitioner's renewal motion as procedurally barred. Decision & Order, *People v. Burgess*, Indictment No. 6906/90 (N.Y. Sup. Ct., Kings Cnty. May 24, 2012) (Guzman, J.). On January 29, 2013, the Second Department denied leave to appeal. Decision & Order, *People v. Burgess*, No. 2012-5964 (N.Y. App. Div. Jan. 29, 2013) (Feldstein, J.). On April 9, 2013, this Court granted petitioner's motion to reopen the instant case.

**DISCUSSION**

Petitioner argues that (1) when he pled guilty in 2002, the court failed to resolve his assertion of innocence or explain a potential intoxication defense; (2) the court illegally sentenced him in 2002 as a persistent violent felon; (3) his 2002 guilty plea was involuntary because counsel incorrectly advised him that he faced sentencing as a persistent violent felon; and (4) the 2001 indictment was defective because the prosecutor knowingly failed to correct false grand jury testimony.

8

## I. Standard of Review

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA") requires a rigorous standard of review for state prisoners' federal habeas petitions. *See Williams v. Taylor*, 529 U.S. 362, 402–03 (2000). Where the state court has adjudicated a claim on the merits, the federal court should not grant a habeas petition with respect to that claim unless the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). In contrast, claims that the state court has not adjudicated on the merits are subject to *de novo* review. *Washington v. Schriver*, 255 F.3d 45, 55 (2d Cir. 2001). A state court's factual findings are presumptively correct and may be overturned only if a petitioner offers "clear and convincing evidence" that the findings were in error. 28 U.S.C. § 2254(e)(1).

A state court adjudicates a state prisoner's federal claim on the merits when it disposes of the claim on the merits and reduces its disposition to judgment, "even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citation and internal quotation marks omitted). This is because "federal courts recognize a conclusive presumption that, when presented with an express federal claim, a state court's decision rests principally upon an application of federal law even absent any express reference to federal authority." *Reznikov v. David*, No. 05 Civ. 1006, 2009 WL 424742, at *3 (E.D.N.Y. Feb. 20, 2009).

A state court's decision is "contrary to" established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases

or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams*, 529 U.S. at 405–06. Similarly, a state court "unreasonabl[y] appli[es]" Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 413. "[A]n *unreasonable* application of federal law," however, "is different from a[] [merely] *incorrect* application of federal law." *Id*. (emphases in original). If a federal court "finds that the state court engaged in an unreasonable application of established law, resulting in constitutional error, it must next consider whether such error was harmless." *Howard*, 406 F.3d at 122 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 629–30 (1993)).

Further, a federal court may review a habeas petition only to the extent the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Caballero v. Keane*, 42 F.3d 738, 740 (2d Cir. 1994). This exhaustion requirement "mandates a habeas petitioner to have fairly presented in state court the claims that are raised in the habeas petition." *Bohan v. Kuhlmann*, 234 F. Supp. 2d 231, 243 (S.D.N.Y. 2002) (internal quotation marks omitted), *aff'd*, 66 F. App'x 277 (2d Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). This means that petitioner must have presented to a state court each legal and factual allegation underlying the claim. *See Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991). The Court is also mindful of its obligation to "construe a pro se complaint liberally," *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted), to "raise the strongest arguments that [it] suggest[s]." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted).

## II. Claims Regarding Plea Allocation

Petitioner argues that the Court should vacate his 2002 conviction because "during his guilty plea allocution," the court did not resolve his assertion of innocence or explain a potential intoxication defense. (Pet. ¶ 12.) Despite listing these claims in his petition, petitioner neglects even to mention them in his briefs. Furthermore, given petitioner's appellate argument that the court failed to address his assertions of innocence at both the plea proceeding and sentencing, it is unclear if petitioner meant to limit his current argument to what should have occurred at his plea proceeding. Nevertheless, mindful of petitioner's *pro se* status, the Court construes the claim in the light most favorable to petitioner and interprets him to be arguing, as he did on appeal, that the court should have resolved his assertions of innocence at both the plea proceeding and sentencing. In any event, these claims are procedurally barred and meritless.

### A. The Claims are Procedurally Barred

Where the state court has made an "adequate and independent finding" of procedural default, the federal court should not grant habeas review unless the petitioner can show (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the federal claim will result in a fundamental miscarriage of justice. *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations and internal quotation marks omitted); *see also Dretke v. Haley*, 541 U.S. 386, 387–88 (2004) (stating that federal court may not entertain procedurally barred claim unless the petitioner can show either cause and prejudice or actual innocence). Adequate and independent state law grounds preventing federal review "include violations of state procedural rules" – for example, the state's filing deadlines and preservation rules. *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007). To show "cause" for a default, a petitioner must demonstrate that "some objective factor external to the defense" prevented petitioner from presenting the claim.

*Coleman v. Thompson*, 501 U.S. 722, 753 (1991). If the petitioner establishes cause, he must then demonstrate "prejudice" by showing a reasonable probability that the result of the trial would have been different absent the alleged constitutional violation. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). The exception for instances of a "fundamental miscarriage of justice" provides relief for those "rare" and "extraordinary" cases in which a habeas petitioner is able to establish his actual innocence and show that the claimed error led to his conviction. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Under New York law, a defendant who wishes to preserve a challenge to his guilty plea's validity must move in the court of first instance to withdraw the plea or to vacate the judgment of conviction. *See People v. Lopez*, 525 N.E.2d 5, 6 (N.Y. 1988); *People v. Pellegrino*, 454 N.E.2d 938, 938 (N.Y. 1983); *People v. Rodriguez*, 857 N.Y.S.2d 912, 913 (N.Y. App. Div. 2008); *People v. Ross*, 861 N.Y.S.2d 69, 69 (N.Y. App. Div. 2008); N.Y. Crim. P. L. §§ 220.60(3), 440.10. Here, the Second Department rejected, on direct appeal, petitioner's claims concerning his allocution, finding that (1) the claims were unpreserved and (2) petitioner was not exempt from the preservation rule because his admissions were "sufficient to establish a factual basis for his plea of guilty . . . and did not suggest that he was intoxicated to such a degree as to negate intent." *Burgess*, 800 N.Y.S.2d at 516. Petitioner does not argue, let alone show, that he had cause for defaulting and suffered prejudice as a result of the alleged violations, or that this Court's failure to consider these claims would result in a fundamental miscarriage of justice. Accordingly, the claims are procedurally barred.

### B. The Claims Are Meritless

#### 1. Assertions of Innocence

In any event, petitioner's claim relating to his assertions of innocence fails on the merits. A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Petitioner's plea was voluntary and intelligent. Petitioner withdrew his not-guilty plea and stated that he was pleading guilty of his own free will and because he was guilty; that he was satisfied with the representation his counsel had provided; and that he understood the court would adjudicate him a persistent violent felony offender and sentence him accordingly. "[S]tatements at a plea allocution carry a strong presumption of veracity." *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008).

Furthermore, petitioner allocuted to the specific facts of his guilt, admitting that he attempted to take money from Ms. Dreckett; that the money belonged to McDonald's; that while obtaining this money, petitioner showed Ms. Dreckett a bag containing a beer bottle, which she interpreted as a threatening weapon; and that petitioner was apprehended with the stolen money in his pocket. (Tr. at 18–19, 23–26, June 27, 2002.) There was, therefore, "nothing about the allocution that undermined the reliability of the plea as an indicator of factual guilt." *Panuccio v. Kelly*, 927 F.2d 106, 111 (2d Cir. 1991).

Contrary to petitioner's claim, nothing he said between pleading guilty and being sentenced undermined his plea's validity. In fact, after pleading guilty, petitioner reiterated his guilt to the probation department and made no motion to vacate his plea. At the sentencing proceeding, petitioner made a conclusory assertion that he never threatened anybody or told anybody to give him money. He made no claim that his plea was involuntary or unknowing, and

13

he provided no evidence that he was innocent. Accordingly, the sentencing court properly relied on petitioner's allocution as conclusive proof of his guilt. *See, e.g.*, *Falas v. Phillips*, No. 03 Civ. 4839, 2005 WL 756886, at *2 (S.D.N.Y. Apr. 1, 2005) (denying habeas petition, where petitioner's application at sentencing to withdraw guilty plea on grounds of innocence "squarely contradicted his plea allocution statements"); *Barnes v. Ercole*, No. 09 Civ. 2530, 2011 WL 1453924, at *3 (S.D.N.Y. Apr. 14, 2011) (denying habeas petition because "it is well established that a criminal defendant's self-inculpatory statements made under oath at [a] plea allocution carry a strong presumption of verity and are generally treated as conclusive in the face of the defendant's later attempt to contradict them."); *United States v. Grzybek*, 283 F. App'x 843, 845 (2d Cir. 2008) (affirming denial of motion to withdraw guilty plea on innocence grounds, where defendant's "outright denial of criminal conduct made in support of his motion to withdraw entirely contradicted the admissions [he] made during his plea allocution"). Petitioner's argument that the court should have resolved his assertions of innocence, therefore, fails on the merits.

**2. Intoxication**

Petitioner's claim that the court should have advised him of a possible intoxication defense is not cognizable on habeas review.[2] "[A] distinction exists, for purposes of due process, between an element of a crime and an affirmative defense to that crime." *Ames v. New York State Div. of Parole*, 772 F.2d 13, 15 (2d Cir. 1985). "[D]ue process . . . does not require that a defendant be advised of every basis on which he might escape or receive a lesser punishment for an offense that he has committed [particularly where] the burden of persuasion with respect to the appropriate defense rests on the defendant." *Id*. (internal quotation marks omitted) (reversing

---

[2] Under New York law, "[i]ntoxication is not, as such, a defense to a criminal charge; but in any prosecution for an offense, evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged." N.Y. Penal L. § 15.25.

14

grant of habeas petition, where trial court inquired into factual basis for petitioner's plea to first-degree robbery and petitioner claimed that counsel and court failed to advise him of "fake pistol affirmative defense"); *see also James v. Senkowski*, No. 97 Civ. 3327, 1998 WL 217903, at *10–11 (S.D.N.Y.) (report and recommendation) (denying habeas claim, where petitioner pled guilty to elements of first-degree robbery and subsequently argued that court failed to inform him that using an unloaded gun is an affirmative defense), *adopted by* 1998 WL 217903 (S.D.N.Y. Apr. 29, 1998).

Here, as in *Ames* and *James*, the court afforded petitioner due process by inquiring into the factual basis for his plea. Petitioner pled to all the elements of attempted second-degree robbery, including his intent. He presented no sworn testimony or other evidence to indicate that he was intoxicated when he committed the offense, let alone that he was sufficiently intoxicated to negate intent. In fact, the subject of petitioner's intoxication arose only when defense counsel volunteered his legal opinion that petitioner's intoxication was not a defense to the crime. (*See* Tr. at 26, June 27, 2002.) Petitioner, therefore, had no due process right to have the court advise him of an intoxication defense, let alone to have the court re-raise the issue after his counsel addressed it. Petitioner's claims concerning his guilty allocution, therefore, fail on the merits.

### III. Claims Regarding Persistent Violent Felony Offender Status

Petitioner argues that the court illegally sentenced him in 2002 as a persistent violent felon. More specifically, construing the petition in the light most favorable to petitioner, petitioner appears to argue that (a) because the court convicted him of a second violent felony in 1990 but sentenced him as a mere predicate felon, the court could not adjudicate him a persistent violent felon in 2002; or, in the alternative, (b) because the court imposed an illegally lenient sentence in 1990, the court should resentence him now for the 1990 conviction, which would

15

preclude the court from adjudicating him a persistent violent felon based on the 2002 conviction. Petitioner also argues, on the same grounds, that his guilty plea was involuntary because counsel incorrectly advised him that the court would sentence him as a persistent violent felony offender. The state courts adjudicated these claims on the merits, and this Court will not review that determination. Moreover, the Court agrees that the claims are meritless.

### A.  This Court Will Not Review the State Courts' Merits Determinations

The state courts found these claim meritless on several occasions. *See* Memorandum Decision, *Burgess*, Indictment No. 7313/01 (N.Y. Sup. Ct., Kings Cnty. July 12, 2006) (finding meritless claims that petitioner's 1990 and 2002 sentences were illegal and claim that counsel was ineffective); Decision & Order, *Burgess*, SCI No. 6906/1990 (N.Y. Sup. Ct., Kings Cnty. Jan. 5, 2007) (same); Decision & Order, *Burgess*, Indictment Nos. 7313/2001, 6906/1990 (N.Y. Sup. Ct., Kings Cnty. Dec. 9, 2008) (same, but not addressing ineffective assistance claim); *Burgess*, 642 N.Y.S.2d at 916 (finding meritless claim of ineffective assistance of counsel). These determinations were neither contrary to established Supreme Court precedent nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this Court will not review the state courts' merits determinations.

### B.  The Claims Are Meritless

Even if the state courts had not addressed these claims on the merits, this Court would find them meritless. As the state courts have explained, petitioner was convicted of three violent felonies. *See* N.Y. Penal L. § 70.02(1)(b)–(c) (defining first- and second- degree robbery as violent felonies). His 1988 and 1990 convictions are predicate violent felony "convictions" because those convictions were for violent felonies, and the court imposed sentence for them on January 11, 1988, and July 12, 1990, respectively – before, but fewer than ten years before,

petitioner committed the instant felony on September 7, 2001, excluding jail time.[3] *See* N.Y. Penal L. § 70.04(b). In light of these two prior violent felony "convictions," the court properly adjudicated petitioner a persistent violent felony offender in 2002, and counsel properly advised him that the court would do so. N.Y. Penal L. § 70.08(1)(a).

Contrary to petitioner's claim, it is wholly irrelevant that in 1990, the sentencing court referred to him as a "prior predicate felon." (Tr. at 2–3, July 12, 1990.) First, petitioner's 1998 and 1990 "conviction[s]," rather than his sentences for those convictions, warrant the court's 2002 determination that he is a persistent violent felony offender. *See* N.Y. Penal L. §§ 70.04(b), 70.08(1)(a). Second, his 1990 sentence was legal, regardless of whether the court sentenced him as a predicate felon or as a predicate violent felon. *See* N.Y. Penal L. §§ 70.06 (providing legal sentencing range for second felony offender); 70.08 (providing legal sentencing range for second violent felony offender); Decision & Order at 11 n.7, *Burgess*, Indictment No. 6906/1990 (N.Y. Sup. Ct., Kings Cnty. Jan. 5, 2007). Third, even if the state courts had determined that petitioner received an illegally lenient sentence in 1990, they would still use his original 1990 sentencing date for purposes of determining whether he was sentenced for the prior two violent felonies before committing the present violent felony. *See* N.Y. Penal L. § 70.04(b); *People v. Acevedo*, 952 N.E.2d 1047, 17 N.Y.3d 297, 303 (N.Y. 2011) ("Resentence is not a device appropriately employed simply to alter a sentencing date and thereby affect the utility of a conviction as a predicate for the imposition of enhanced punishment."). Accordingly, petitioner's claim that he received an illegal sentence in 2002 fails on the merits, as does his contingent claim that his guilty plea was involuntary because counsel gave him incorrect advice on the persistent violent felon issue.

---

[3] "'Conviction' means the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument." N.Y. Crim. P. L. § 1.20[13].

**IV. Claim Regarding Indictment**

Petitioner argues that his indictment was defective because the prosecutor knowingly failed to correct false grand jury testimony. Specifically, although the arresting officer testified that he arrested petitioner on September 7, 2011, the prosecutor asked the complaining witness, Ms. Dreckett, to testify about an incident that occurred on September 9, 2011 and subsequently failed to move to dismiss the indictment. (Pet. ¶ 12.) The state court rejected this claim, finding that petitioner's allegations concerning the grand jury were unreviewable under N.Y. Crim. P. L. § 440, procedurally barred because the court previously denied petitioner's motion to dismiss the indictment, and meritless because petitioner presented no evidence that any inconsistent testimony before the grand jury resulted from anything other than a misunderstanding. Memorandum Decision at 9–11, *Burgess*, Indictment No. 7313/01 (N.Y. Sup. Ct., Kings Cnty. July 12, 2006). This Court will not consider this claim, for the reasons explained below.

**A. The Claim is Procedurally Barred**

Inasmuch as the state court found this claim procedurally barred, the state court decided the claim on an independent and adequate state law ground. Petitioner shows neither cause and prejudice nor actual innocence. Accordingly, the claim is procedurally barred from habeas review.

**B. This Court Will Not Review the State Court's Merits Determination**

The state court also found this claim meritless. That determination was neither contrary to established Supreme Court precedent nor an unreasonable application of federal law. This Court, therefore, declines to review the state court's merits determination.

### C. The Claim is not Cognizable on Habeas Review

The claim, moreover, is not cognizable on habeas review. "There is no federal constitutional right to a grand jury in a state criminal prosecution, and thus a claim of deficiency in the proceeding is not cognizable in a habeas corpus proceeding." *May v. Warden*, 07 Civ. 2176, 2010 WL 1904327 at *3 (S.D.N.Y. May 10, 2010) (internal quotation marks and citations omitted) (dismissing habeas claim that prosecutor knowingly presented false evidence to grand jury); *Grant v. Ricks*, Nos. Nos. 00–CV–6861, 03–MISC–0066, 2003 WL 21847238, at *4 (E.D.N.Y. July 29, 2003) (stating that alleged deficiencies in state grand jury proceedings are "generally not cognizable in a habeas corpus proceeding in federal court because any deficiencies have been rendered harmless by conviction at trial by a petit jury assessing petitioner's guilt under a heightened standard of proof.") (citing *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989). Accordingly, this claim is denied.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied in its entirety. The Clerk of the Court is directed to enter judgment accordingly, close this case, and mail copies of this Memorandum and Order, and the accompanying Judgment, to petitioner at the address listed for him on the docket. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 82 S. Ct. 917, 920–21 (1961).

SO ORDERED.

Dated: Brooklyn, New York
December 24, 2013

*Roslynn R. Mauskopf*
―――――――――――――――――
ROSLYNN R. MAUSKOPF
United States District Judge